UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 07-61492-CIV-HUCK

JENNIFER WIGAND, et al,

    Plaintiffs,

vs.

WEST CITY PARTNERS, INC., a
Florida Corporation; VERANDA
CONDOMINIUM I, LLC, a Florida
Limited Liability Company; and THE
GALLERIA COLLECTION, INC., a
Florida Corporation,

    Defendants.
_____/

### ORDER GRANTING DEFENDANTS WEST CITY PARTNERS, INC. AND VERANDA CONDOMINIUM I, LLC'S MOTION TO DISMISS ALL PLAINTIFFS EXCEPT THE NAMED PLAINTIFF, JENNIFER WIGAND

THIS CAUSE is before the Court upon Defendants West City Partners, Inc. and Veranda Condominium I, LLC's Motion to Dismiss Plaintiffs' Amended Complaint, filed January 16, 2008 (D.E. #45). That Motion seeks to dismiss all Plaintiffs from this action except for the named Plaintiff, Jennifer Wigand. The Court has considered the Motion, Plaintiffs' Response, Defendants' Reply, Plaintiffs' Sur-Reply, all pertinent parts of the record, and the arguments made by both sides at the hearing on the Motion held on Friday, February 8, 2008.

Plaintiffs filed suit in this Court on October 17, 2007 (D.E. #1), and filed an Amended Complaint on January 2, 2008 (D.Es. #27, 33). The Amended Complaint listed forty-three Plaintiffs, each one of whom brought a claim under the Interstate Land Sales Act ("ILSA"), at 15 U.S.C. §§ 1701-1720, against each Defendant. *See* Am. Compl., D.E. #27. Plaintiffs' claims are based on thirty contracts, representing Plaintiffs' individual purchases of condominium units at a development called "Veranda at Plantation." West City Partners, Inc. and Veranda Condominium I, LLC are developers of "Veranda at Plantation," and The Galleria Collection, Inc. is an agent for the project. *See id.* at ¶¶ 1-6. On January 16, 2008 Defendants West City Partners, Inc. and Veranda Condominium I, LLC filed a motion to dismiss the Amended Complaint seeking dismissal of all

Plaintiffs except for the named Plaintiff, Jennifer Wigand. Defendants argued that, under Federal Rule of Civil Procedure 20(a)(1), all Plaintiffs except for Jennifer Wigand were improperly joined in this action.

> Rule 20(a)(1) provides that "[p]ersons may join in one action as plaintiffs if:
>
> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all plaintiffs will arise in the action.

The Court has discretion whether or not to permit such joinder. *See, e.g.*, *Alexander v. Fulton County, Ga.*, 207 F.3d 1303, 1322 (11th Cir. 2000).

Here, all forty-three Plaintiffs signed the same form contract with Defendants but for different units, on different dates, and for different prices. *See* Am. Compl., D.E. #27 at ¶ 7. Plaintiffs argue that they have brought suit against Defendants "arising out of the same occurrence," that is, Defendants' "failure to comply with the Federal Interstate Land Sales Full Disclosure Act and applicable Federal Regulations enacted in connection therewith with regard to the sale of units at Veranda at Plantation." Pls.' Resp., D.E. #51 at 4. The Court disagrees, and finds that the signing of each individual contract by each respective Plaintiff constitutes a separate "transaction" or "occurrence."

The Court also notes that, as Defendants point out in their Reply, those Plaintiffs subject to the "investor" exceptions found at 15 U.S.C. § 1702(a)(7) and 24 C.F.R. § 1710(a)(3) will be unable to bring their ILSA claims against Defendants. However, whether or not a Plaintiff is an "investor" within the meaning of those exemptions will necessarily be a specific factual question, based on each of the various Plaintiffs' individual circumstances.

In sum, the Court has determined, especially considering the cases *Franconia Assocs. v. United States*, 61 Fed. Cl. 335 (2004), *Ravin v. Hockman*, No. 06-22492, 2007 WL 29248, *1 (S.D. Fla. Jan. 3, 2007), and *Rode v. 1800 Club, LTD.*, No. 07-22574 (S.D. Fla. Jan. 30, 2008), not to exercise its discretion to allow the joinder of all forty-three Plaintiffs in this action.

Accordingly, it is hereby ORDERED that Defendants' Motion to Dismiss all Plaintiffs except for the named Plaintiff, Jennifer Wigand, is GRANTED. All Plaintiffs except for Jennifer Wigand are dismissed from this action without prejudice to refile their claims as individual cases. It is further ORDERED that Defendant Galleria Collection, Inc.'s *ore tenus* motion to join in Defendants' Motion to Dismiss, made at the Motion hearing on Friday, February 8, 2008, is GRANTED. The dismissals are without prejudice. Moreover, if the dismissed Plaintiffs refile their actions, they will relate back to the date of the filing of this action or when such Plaintiff was made a party to this action, whichever is later.

DONE in Chambers, Miami, Florida, this February 11, 2008.

_____

Paul C. Huck
United States District Judge

Copies furnished to:
Counsel of record